UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-40018-NMG

| | |
|---|---|
| AIDA GONZALEZ, ANTONIO GONZALEZ, MILBIA VAZQUEZ, ANTHONY GONZALEZ, ALEXIS GONZALEZ, ALEXANDER GONZALEZ and ADRIAN GONZALEZ<br>Plaintiffs<br><br>v.<br><br>CITY OF FITCHBURG, EDWARD GALLANT, CHIEF OF POLICE, LINDA SWEARS, MICHAEL SEVIGNY, JEFFREY HOWE, KERRY SIOMOS, JR., MATTHEW DIBARA, ALAN ROSS, THOMAS DAOUST, MASSAMONT INS. AGENCY, INC. and/or METROGARD INS. and/or DIPLOMAX INS. and/or LEGION INS. COMPANY<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT LEGION INSURANCE COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A STAY OF PROCEEDINGS

Pursuant to M.G.L. c. 175D, §15, and the order of the Commonwealth Court of Pennsylvania, the defendant, Legion Insurance Company (hereinafter referred to as "Legion"), hereby moves to dismiss or, in the alternative, stay all proceedings against Legion in this matter. In support of this Motion, Legion states as follows.

On or about February 6, 2004, the plaintiffs instituted the subject action against Legion Insurance Company for alleged violations of Massachusetts General Laws Chapter 93A and Chapter 176D. Specifically, the plaintiffs allege that Legion Insurance Company is liable for failing to investigate and settle the plaintiffs' claims against the defendant, City of Fitchburg, and its employees.

259335v1



IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Diane Koken, Insurance :
Commissioner of the Commonwealth :
of Pennsylvania, :
        Plaintiff :
         :
v. : No. 183 M.D. 2002
         :
Legion Insurance Company, :
        Defendant :

## ORDER OF LIQUIDATION

**AND NOW**, this 25th day of July, 2003, upon consideration of the Petition for Liquidation of Legion Insurance Company (In Rehabilitation) (Legion) filed by M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, on August 9, 2002, and amended on October 18, 2002, which Petition was contested and resolved in this Court's Opinion and Order of June 26, 2003, it is hereby **ORDERED** that:

    1. Legion is declared insolvent and ordered to be **LIQUIDATED** pursuant to Article V of The Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, *as amended*, 40 P.S. §§221.1 – 221.63 (Article V).

    2. The Rehabilitation Order of March 28, 2002, is hereby **TERMINATED**, effective 12:00 a.m., July 28, 2003.

    3. This Liquidation Order is **EFFECTIVE** 12:01 a.m., July 28, 2003.

4. Insurance Commissioner M. Diane Koken, her successor in office, if any, is hereby **APPOINTED** Statutory Liquidator of Legion and directed to take possession of Legion's property, business and affairs in accordance with Article V.

5. The Liquidator is hereby **VESTED** with all the powers, rights, and duties authorized under Article V and other applicable statute and regulation.

6. The Opinion and Order of June 26, 2003 entered in this proceeding is hereby **INCORPORATED** into and made a part of this Order of Liquidation.

## ASSETS OF THE ESTATE

7. The Liquidator is vested with title to all property, assets, contracts and rights of actions ("assets") of Legion of whatever nature and wherever located, held as of the date of filing of the Petition for Liquidation. All assets of Legion are hereby found to be *in custodia legis* of this Court and this Court asserts jurisdiction as follows: (a) *in rem* jurisdiction over all assets of Legion wherever they may be located and regardless of whether they are held in the name of Legion or in any other name; (b) exclusive jurisdiction over all determinations as to whether assets belong to Legion or to another party; (c) exclusive jurisdiction over all determination of the validity and amount of claims against Legion; and (d) exclusive jurisdiction over the determination of the priority of all claims against Legion.

8. The filing of this Order with the Clerk of the Commonwealth Court or with the Recorder of Deeds of the county in which Legion's principal

office or place of business is located (Philadelphia County), shall impart the same notice as is imparted by any deed, bill of sale or other evidence of title duly filed or recorded with that Recorder of Deeds.

9. The Liquidator is directed to take possession of all assets that are the property of Legion.

10. The Liquidator is directed to continue telephone, data-processing, water, electric, sewage, garbage, delivery, trash removal and utility services needed by the estate of Legion by establishing a new account for the Liquidator as of the date of this Order.

11. Legion's directors, officers and employees, to the extent the following obligations have not been satisfied in the course of Legion's rehabilitation, shall: (a) surrender peaceably to the Liquidator the premises where Legion conducts its business; (b) deliver all keys or access codes thereto and to any safe deposit boxes; (c) advise the Liquidator of the combinations or access codes of any safe or safekeeping devices of Legion or any password or authorization code or access code required for access to data processing equipment; and (d) deliver and surrender peaceably to the Liquidator all the assets, books, records, files, credit cards, and other property of Legion in their possession or control, wherever located, and otherwise advise and cooperate with the Liquidator in identifying and locating any of the foregoing.

12. Legion's directors, officers and employees are enjoined from taking any action, without approval of the Liquidator, to transact further business on behalf of Legion. They are further enjoined from taking any action that would

3

waste the assets of Legion or would interfere with the Liquidator's efforts to wind up the affairs of Legion.

13. Except as otherwise provided in this Order, executory contracts to which Legion is a party to as of the date of this Order may be affirmed or disavowed by the Liquidator within one year of the date of this Order.

## CANCELLATION OF INSURANCE COVERAGE

14. All policies or contracts of insurance issued by Legion, whether issued in this Commonwealth or elsewhere, in effect on the effective date of this Order, are hereby cancelled and terminated for all purposes thirty (30) days from the effective date of this Order. All Legion policies and contracts of insurance, shall continue in force until one of the following events takes place, whichever occurs first: (a) the cancellation of the policy thirty (30) days from the effective date of this Order by reason of this Order; (b) the normal expiration or termination of the policy or contract; (c) the replacement of insurance coverage provided by Legion with equivalent insurance with another insurer; or (d) the transfer of the policy obligation by the Liquidator pursuant to Section 523(8) of Article V, 40 P.S. §221.23(8).

## WORKERS COMPENSATION AND ACCIDENT HEALTH CLAIMS

15. The Liquidator shall make arrangements for the continued payment of the claims arising under policies of workers compensation and under policies providing accident and health benefits by making Legion's facilities, computer systems, books records and third party administrators (to the extent possible) available to any guaranty association and to states and state officials

4

holding statutory deposits for the benefit of such workers compensation and accident and health claimants. For a period not to exceed ninety (90) days from the effective date of this Order, the Liquidator is authorized to advance funds for the payment of these claims from the estate of Legion, and such advances will be deemed to be made in accordance with Section 536(a) of Article V, 40 P.S. §221.36(a). Thereafter, no disbursements shall be made to guaranty associations except in accordance with Section 536 of Article V, 40 P.S. §221.36.

### PROOF OF CLAIM FILING

16. All claims against the estate of Legion, together with proper proof thereof, shall be filed on or before June 30, 2005. No person shall participate in any distribution of the assets of Legion unless his, her or its claim has been filed with the Liquidator in accordance with the time limit established by the Liquidator, subject to the provisions for the late filing of claims pursuant to Section 537 of Article V, 40 P.S. §221.37.

17. No judgment or order against Legion or its insureds entered after the date of filing of the Petition for Liquidation, and no judgment or order against Legion entered at any time by default or by collusion, will be considered as evidence of liability or quantum of damages by the Liquidator in evaluating a claim against the estate of Legion.

18. In addition to the notice requirements of Section 524 of Article V, 40 P.S. §221.34, the Liquidator shall publish notice in newspapers of general circulation, where Legion has its principal places of business, and in the national edition of the *Wall Street Journal*, that: (a) specifies the last day for the filing of claims; (b) explains the procedure by which claims may be submitted to the

Liquidator; (c) provides the address of the Liquidator's office for the submission of claims; and (d) notifies the public of the right to present a claim, or claims, to the Liquidator.

19. Within thirty (30) days of giving notice of the event of liquidation, as set forth in Section 524 of Article V, 40 P.S. §221.34, and of the procedures for filing claims against the estate of Legion, the Liquidator shall file a compliance report with the Court noting, in reasonable detail, the date that and manner by which these notices were given.

## DIRECT ACCESS TO REINSURANCE

20. Policyholders asserting a right to proceeds of a reinsurance agreement, to which Legion was a party, shall pursue that right by filing a petition to intervene with this Court for a determination of whether the reinsurance amounts owed are general assets of the estate of Legion or assets of the policyholder intervenor. Where policyholder intervenors establish a right to direct access to reinsurance proceeds, Legion's responsibility for the handling of the policyholder intervenor's claims, if any, terminates, and the policyholder intervenor is vested with exclusive control of claims handling, all claim files and claim-related records. Further, policyholder intervenors may not recover from the estate of Legion for a claim to the extent it is covered by a reinsurance agreement to which the right of direct access has been established. The petition to intervene shall not, without further order of this Court, serve as the procedure for resolving disputes as to the amounts owed by a reinsurer or other terms and conditions of the reinsurance agreement. Upon good cause shown, such other relief as the Court deems appropriate may be granted the policyholder intervenor.

6

## ADMINISTRATIVE EXPENSES

21. The Liquidator shall pay as costs and expenses of administration pursuant to Section 544 of Article V, 40 P.S. §221.44, the actual, reasonable and necessary costs of preserving or recovering the assets of Legion and the costs of goods or services provided to and approved by the Rehabilitator or by this Court during the period of Legion's rehabilitation and that are unpaid as of the date of this Order.

22. Distribution of the assets of Legion in payment of the costs and expenses of estate administration including, but not limited to, compensation for services of employees and professional consultants, such as attorneys, actuaries and accountants, and expenses of a guaranty association in handling claims, shall be made under the direction and approval of the Court. This includes reimbursement to the Pennsylvania Insurance Department for expenses it has incurred in compensating professional consultants, attorneys and other persons it has engaged on behalf of Legion for the preservation of its assets. Within thirty (30) days of the effective date of this Order, the Liquidator shall submit to the Court a procedure and form of report to be used to obtain the Court's approval of the costs and expenses of administration as reasonable and necessary.

## STAY OF LITIGATION

23. Unless the Liquidator consents thereto in writing, no action at law or in equity, including, but not limited to, an arbitration or mediation, the filing of any judgment, attachment, garnishment, lien or levy of execution process against Legion or its assets, shall be brought against Legion or the Liquidator, whether in this Commonwealth or elsewhere, nor shall any such existing action be

7

maintained or further prosecuted after the effective date of this Order. All above-enumerated actions currently pending against Legion in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed; relief sought in these actions shall be pursued by filing a proof of claim against the estate of Legion pursuant to Section 538 of Article V, 40 P.S. §221.38.

24. Unless otherwise agreed to by the Liquidator or by the relevant guaranty association, all actions in which Legion is or may be obligated to defend a party in any court of law are stayed to the extent provided by applicable law, subject to further order of the Court. The Liquidator may cooperate, upon request of a guaranty association, in seeking a stay of any action. Failure to honor the stay may result in sanctions, including the subordination of a claim to all other claims in the same class.

### CORRESPONDENCE

25. Correspondence to the Liquidator (as opposed to counsel to the Liquidator) shall be directed as follows: Statutory Liquidator, Legion Insurance Company (In Liquidation), One Logan Square, Suite 1400, Philadelphia, PA 19103.

_____
MARY HANNAH LEAVITT, Judge

Certified from the Record

JUL 28 2003

and Order Exit

8



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.  
SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
No. SJ-2003-0391

IN RE: LEGION INSURANCE COMPANY and VILLANOVA INSURANCE COMPANY

ORDER

The Massachusetts Insurers Insolvency Fund (the "Fund") has filed an Application pursuant to G.L. c. 214, s. 1, in which it seeks, pursuant to G.L. c. 175D, s. 15, an order for stay of pending litigation, where the Commonwealth Court of Pennsylvania entered orders of liquidation on July 25, 2003, for Legion Insurance Company and Villanova Insurance Company.

Upon consideration thereof, it is ORDERED that all proceedings in the Commonwealth of Massachusetts in which Legion Insurance Company ("Legion") or Villanova Insurance Company ("Villanova") is obligated to defend an insured or is a party shall be stayed for a period of six (6) months from the date of this order, and for such additional time thereafter as may be determined by this Court to permit proper defense by the Fund of all such proceedings.

This order shall apply to all civil actions, workers' compensation proceedings, arbitrations and other proceedings in

the Commonwealth of Massachusetts. If the Fund wishes to proceed with any proceeding stayed by this Order, the Fund may do so without further order or action by this Court.

By the Court, (Spina, J.)

*/s/ Maura S. Doyle*
Maura S. Doyle, Clerk

Entered: August 28, 2003