UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
[...] OFFICE
2004 MAY 17 P 12: 58
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ALDA GONZALEZ, ANTONIO GONZALEZ, MILBIA VAZQUEZ, ANTHONY GONZALEZ, ALEXIS GONZALEZ, ALEXANDER GONZALEZ, and ADRIAN GONZALEZ<br>    Plaintiffs;<br><br>v.<br><br>CITY OF FITCHBURG, CHARLES TASCA, Chief of Police, LINDA SWEARS, MICHAEL SEVIGNY, JEFFREY HOWE, KERRY SIOMOS, JR., MATTHEW DIBARA, ALAN ROSS, THOMAS DAOUST, MASSAMONT INS. AGENCY, INC. and/or METROGARD INS. and/or DIPLOMAX INS. and/or LEGION INS. COMPANY,<br>    Defendants. | C.A. no. 04-40018NMG |

## ANSWER OF DEFENDANTS LINDA SWEARS, KERRY SIOMOS, JR., MICHAEL SEVIGNY, JEFFREY HOWE, MATTHEW DIBARA, ALAN ROSS AND THOMAS DAOUST TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

### INTRODUCTION

The "Introduction" section of the amended complaint is a preface to the allegation set forth therein, not requiring a response by the defendants. To the extent a response is required, the allegations set forth therein against the defendants are denied.

### JURISDICTION

The allegations set forth in the "Jurisdiction" section of the Amended complaint comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require a response the same are denied.

### PARTIES

1.     The defendants are without sufficient knowledge or information to admit or deny the

allegations of paragraph one of the amended complaint.

2. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph two of the amended complaint.

3. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph three of the amended complaint.

4. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph four of the amended complaint.

5. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph five of the amended complaint.

6. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph six of the amended complaint.

7. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph seven of the amended complaint.

8. The defendants admit the allegations of paragraph eight of the amended complaint.

9. The defendants admit the allegations set forth in the first sentence of paragraph nine of the amended complaint. The remaining allegations are contentions as to matters of law not requiring a response by the defendants.

10. The defendants admit the allegations set forth in the first sentence of paragraph ten of the amended complaint. The defendants deny the existence of a basis for suit against defendant Swears in her individual capacity.

11. The defendants admit the allegations set forth in the first sentence of paragraph eleven of the amended complaint. The defendants deny the existence of a basis for suit against defendant Sevigny in his individual capacity.

12. The defendants admit the allegations set forth in the first sentence of paragraph twelve of the amended complaint. The defendants deny the existence of a basis for suit against defendant Howe in his individual capacity.

13. The defendants admit the allegations set forth in the first sentence of paragraph thirteen of the amended complaint. The defendants deny the existence of a basis for suit against defendant Siomos in his individual capacity.

14. The defendants admit the allegations set forth in the first sentence of paragraph fourteen of the amended complaint. The defendants deny the existence of a basis for suit against defendant DiBara in his individual capacity.

15. The defendants admit the allegations set forth in the first sentence of paragraph fifteen of the amended complaint. The defendants deny the existence of a basis for suit against defendant Ross in his individual capacity.

16. The defendants admit the allegations set forth in the first sentence of paragraph sixteen of the amended complaint. The defendants deny the existence of a basis for suit against defendant Daoust in his individual capacity.

17. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph seventeen of the amended complaint.

## FACTS

18. The defendants admit the allegations of paragraph eighteen of the amended complaint and further answer that the gun described in the paragraph was reasonably believed to have been previously used in an assault upon a third party.

19. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph nineteen of the amended complaint.

20.   The defendants admit the officers arrived in the vicinity 20 Simonds Street in marked police cars, but deny the remaining allegations of paragraph twenty of the amended complaint.

21.   The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph twenty-one of the amended complaint.

22.   The defendants admit that defendant Sevigny engaged in the discussion with an unidentified individual who was located in the second floor window as described in paragraph twenty-two of the amended complaint.

23.   The defendants admit that the unidentified individual made the reply set forth in paragraph twenty-three of the amended complaint.

24.   The defendants admit the allegations of paragraph twenty-four of the amended complaint.

25.   The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph twenty-five of the amended complaint.

26.   The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph twenty-six of the amended complaint.

27.   The defendants admit that the officers identified in paragraph twenty-seven met an unidentified female in the door area in paragraph twenty-seven of the amended complaint.

28.   The defendants admit that the unidentified female told them to come in, but deny the remaining allegations in paragraph twenty-eight of the amended complaint.

29.   The defendants admit that an unidentified female made the statement set forth in the second sentence, but are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph twenty-nine of the amended complaint.

30.   The defendants deny the allegations in paragraph thirty of the amended complaint.

31. The defendants deny the allegations in paragraph thirty-one of the amended complaint.

32. The defendants deny the allegations in paragraph thirty-two of the amended complaint.

33. The defendants deny the allegations in paragraph thirty-three of the amended complaint.

34. The defendants deny the allegations in paragraph thirty-four of the amended complaint.

35. The defendants deny the allegations in paragraph thirty-five of the amended complaint.

36. The defendants deny the allegations in paragraph thirty-six of the amended complaint.

37. The defendants deny the allegations in paragraph thirty-seven of the amended complaint.

38. The defendants deny the allegations in paragraph thirty-eight of the amended complaint.

39. The defendants deny the allegations in paragraph thirty-nine of the amended complaint.

40. The defendants deny the allegations in paragraph forty of the amended complaint.

41. The defendants deny the allegations in paragraph forty-one of the amended complaint.

42. The defendants deny that Alexander Gonzalez was thrown on the floor, but are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph forty-two of the amended complaint.

43. The defendants deny the allegation set forth in the last sentence of paragraph forty-three, but are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph forty-three of the amended complaint.

44. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph forty-four of the amended complaint.

45. The defendants admit that oleoresin capsicum was used on Adrian Gonzalez and that he was handcuffed, but deny the remaining allegations in paragraph forty-five of the amended complaint.

46. The defendants deny the allegations in paragraph forty-six of the amended complaint.

47. The defendants deny the allegations in paragraph forty-seven of the amended complaint.

48. The defendants deny the allegations in paragraph forty-eight of the amended complaint.

49. The defendants deny the allegations in paragraph forty-nine of the amended complaint.

50. The defendants deny the allegations in paragraph fifty of the amended complaint.

51. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph fifty-one of the amended complaint.

52. The defendants deny the allegations in paragraph fifty-two of the amended complaint.

53. The defendants deny the allegations in paragraph fifty-three of the amended complaint.

54. The defendants deny the allegations in paragraph fifty-four of the amended complaint.

55. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph fifty-five of the amended complaint.

56. The defendants deny the allegations in paragraph fifty-six of the amended complaint.

57. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph fifty-seven of the amended complaint.

58. The defendants admit only that they called an ambulance for Aida Gonzalez but deny the remaining allegations of paragraph fifty-eight of the amended complaint.

59. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph fifty-nine of the amended complaint.

60. The defendants deny the allegations in paragraph sixty of the amended complaint.

61. The defendants admit that oleoresin capsicum was used on Anthony Gonzalez and that he was handcuffed, but deny the remaining allegations in paragraph sixty-one of the amended complaint.

62. The defendants deny the allegations in paragraph sixty-two of the amended complaint.

63. The defendants deny the allegations in paragraph sixty-three of the amended complaint.

64. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph sixty-four of the amended complaint.

65. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph sixty-five of the amended complaint.

66. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph sixty-six of the amended complaint.

67. The defendants deny the allegations in paragraph sixty-seven of the amended complaint.

68. The defendants deny the allegations in paragraph sixty-eight of the amended complaint.

69. The defendants deny the allegations in paragraph sixty-nine of the amended complaint.

70. The defendants deny the allegations in paragraph seventy of the amended complaint.

71. The defendants are without sufficient knowledge or information concerning the identity of the female described in the second sentence of paragraph seventy-one of the amended complaint. They admit the remaining allegations of the paragraph.

72. The defendants admit the first sentence but deny the remaining allegations in paragraph seventy-two of the amended complaint.

73. The defendants admit the allegations set forth in the last sentence of paragraph seventy-three, but deny the remaining allegations in paragraph seventy-three of the amended complaint.

74. The defendants deny the allegations in paragraph seventy-four of the amended complaint.

75. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph seventy-five of the amended complaint.

76. The defendants are without sufficient knowledge or information to admit or deny the

allegations of paragraph seventy-six of the amended complaint.

77. The defendants admit the allegations set forth in the first and third sentences of paragraph seventy-seven. They admit that Steven Gonzalez subsequently presented himself at the police station, but deny the remaining allegations in paragraph seventy-seven of the amended complaint.

78. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph seventy-eight of the amended complaint.

## COUNT ONE

### VIOLATION OF 42 USC s. 1983
### Against Defendant Officers' Sevigny, Howe, Siomos, Dibarra, Ross Daoust and Swears

79. The defendants repeat their answers to paragraphs one through seventy-nine as if fully set forth herein.

80. The defendants deny the allegations in paragraph eighty of the amended complaint.

81. The defendants deny the allegations in paragraph eighty-one of the amended complaint.

82. The defendants deny the allegations in paragraph eighty-two of the amended complaint.

83. The defendants deny the allegations in paragraph eighty-three of the amended complaint.

## COUNT TWO

### Supervisory Liability against Sgt. Swears, Chief Tasca and the City of Fitchburg

84. The defendants repeat their answers to paragraphs one through eighty-four as if fully set forth herein.

85. The defendants admit the allegations of paragraph eighty-five of the amended complaint.

86. The defendants deny the allegations in paragraph eighty-six of the amended complaint.

87. The defendants deny the allegations in paragraph eighty-seven of the amended complaint.

88. The defendants deny the allegations in paragraph eighty-eight of the amended complaint.

## COUNT THREE

### Wrongful Arrest Against Defendant Officers; Sevigny, Howe, Siomos, Dibara, Ross, Doust and Swears

89. The defendants repeat their answers to paragraphs one through eighty-nine as if fully set forth herein.

90. The defendants deny the allegations in paragraph ninety of the amended complaint.

## COUNT FOUR

### False Imprisonment Against Defendant Officers' Sevigny, Howe, Siomos, Dibara, Ross, Daoust and Swears

91. The defendants repeat their answers to paragraphs one through ninety-one as if fully set forth herein.

92. The defendants deny the allegations in paragraph ninety-two of the amended complaint.

## COUNT FIVE

### Assault and Battery Against Defendant Officers Sevigny, Howe, Siomos, Dibara, Ross, Daoust and Swears.

93. The defendants repeat their answers to paragraphs one through ninety-three as if fully set forth herein.

94. The defendants deny the allegations in paragraph ninety-four of the amended complaint.

## COUNT SIX

### Malicious Prosecution Against Defendant Officers; Sevigny, Howe, Siomos, Dibara, Ross, Daoust and Swears

95. The defendants repeat their answers to paragraphs one through ninety-five as if fully set

forth herein.

96. The defendants deny the allegations in paragraph ninety-six of the amended complaint.

97. The defendants deny the allegations in paragraph ninety-seven of the amended complaint.

98. The defendants deny the allegations of paragraph ninety-eight of the amended complaint.

99. The defendants deny the allegations in paragraph ninety-nine of the amended complaint.

## COUNT SEVEN

### Intentional Infliction of Emotional Distress Against Defendant Officers' Sevigny, Howe, Siomos, Dibara, Ross Daoust and Swears

100. The defendants repeat their answers to paragraphs one through one hundred as if fully set forth herein.

101. The defendants deny the allegations in paragraph one hundred one of the amended complaint.

102. The defendants deny the allegations in paragraph one hundred two of the amended complaint.

103. The defendants deny the allegations in paragraph one hundred three of the amended complaint.

## COUNT EIGHT

### Abuse of Process Against Defendant Officers' Sevigny, Howe, Siomos, Dibara, Ross Daoust and Swears

104. The defendants repeat their answers to paragraphs one through one hundred four as if fully set forth herein.

105. The defendants deny the allegations in paragraph one hundred five of the amended complaint.

## COUNT NINE

### Vicarious Liability Against Defendant Charles Tasca

106. The defendants repeat their answers to paragraphs one through one hundred five as if fully set forth herein.

107. The defendants deny the allegations in paragraph one hundred seven of the amended complaint.

108. The defendants deny the allegations in paragraph one hundred eight of the amended complaint.

109. The defendants deny the allegations in paragraph one hundred nine of the amended complaint.

110. The defendants deny the allegations in paragraph one hundred ten of the amended complaint.

111. The defendants deny the allegations in paragraph one hundred eleven of the amended complaint.

112. The defendants deny the allegations in paragraph one hundred twelve of the amended complaint.

## COUNT TEN

### Municipal Liability Against the City of Fitchburg Pursuant to 42 U.S.C. s. 1983

113. The defendants repeat their answers to paragraphs one through one hundred thirteen as if fully set forth herein.

114. The defendants deny the allegations in paragraph one hundred fourteen of the amended complaint.

115. The defendants deny the allegations in paragraph one hundred fifteen of the amended

complaint.

116. The defendants deny the allegations in paragraph one hundred sixteen of the amended complaint.

117. The defendants deny the allegations in paragraph one hundred seventeen of the amended complaint.

## COUNT ELEVEN

### Negligence Against The Defendant City of Fitchburg, Defendant Chief Charles Tasca and Defendant Officers Sevigny, Howe, Siomos, Dibara, Ross, Daoust and Swears

118. The defendants repeat their answers to paragraphs one through one hundred eighteen as if fully set forth herein.

119. The allegations set forth in paragraph one hundred nineteen of the amended complaint comprise contentions as to matters of law not requiring a response by the defendants.

120. The allegations set forth in paragraph one hundred twenty of the amended complaint comprise contentions as to matters of law not requiring a response by the defendants.

121. The defendants deny the allegations in paragraph one hundred twenty-one of the amended complaint.

122. The allegations set forth in paragraph one hundred twenty-two of the amended complaint comprise contentions as to matters of law not requiring a response by the defendants

123. The defendants deny the allegations in paragraph one hundred twenty-three of the amended complaint.

124. The defendants deny the allegations in paragraph one hundred twenty-four of the amended complaint.

## COUNT TWELVE

### Violation of MGL. C.93A by Defendant Massamont Ins. Agency, Inc. and/or Metrogard Ins. and/or Diplomax Ins. and/or Legion Ins. Company.

125. The defendants repeat their answers to paragraphs one through one hundred twenty-five as if fully set forth herein.

126. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph one hundred twenty-six of the amended complaint.

127. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph one hundred twenty-seven of the amended complaint.

128. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph one hundred twenty-eight of the amended complaint.

### First Affirmative Defense

The plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The plaintiff has failed to commence this action within the appropriate statute of limitations.

### Third Affirmative Defense

The defendants' actions were justified.

### Fourth Affirmative Defense

The plaintiff is barred from recovery by collateral estoppel.

### Fifth Affirmative Defense

The defendants acted out of necessity.

### Sixth Affirmative Defense

The defendants acted in good faith and with probable cause.

### Seventh Affirmative Defense

The defendants have qualified immunity.

### Eighth Affirmative Defense

The defendants are immune from suit.

### Ninth Affirmative Defense

Each defendant acted within the scope of his employment and is thus immune from suit.

### Tenth Affirmative Defense

The defendants acted in good faith reliance on legislative or statutory authority.

### Eleventh Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiff's own negligence so that any recovery should be reduced in proportion to that negligence.

### Twelfth Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiff's own negligence and that negligence was equal to or greater than that of the defendants so that recovery is barred.

**WHEREFORE** the defendants request this Honorable Court to enter judgment in their favor and award them their costs.

### THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.

Linda Swears, Kerry Siomos, Jr., Michael Sevigny, Jeffrey Howe, Matthew DiBara, Alan Ross and Thomas Daoust,
By their attorney,

/s/ Austin M. Joyce
Austin M. Joyce,
EDWARD P. REARDON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285
BBO#: 255040

## CERTIFICATE OF SERVICE

I, Austin M. Joyce, hereby certify that I have on this 14th day of May, 2004 mailed a copy of the enclosed Answer of Defendants' Linda Swears, Kerry Siomos, Jr., Michael Sevigny, Jeffrey Howe, Matthew DiBara, Alan Ross and Thomas Daoust to Plaintiff's Amended Complaint and Jury Demand via, first class, postage prepaid to:

Edwin J. Attella, Esq.
P.O. Box 255
27B Sterling Street
West Boylston, MA 01583

Joseph Tehan
Kopelman & Paige
31 St. James Avenue
Boston, MA 02116-4102

/s/ Austin M. Joyce
Austin M. Joyce, Esq.