UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



C.A. NO. 04-40018-NMG

AIDA GONZALEZ, ANTONIO GONZALEZ,
MILBIA VAZQUEZ, ANTHONY GONZALEZ,
ALEXIS GONZALEZ, ALEXANDER
GONZALEZ, and ADRIAN GONZALEZ,

Plaintiffs

v.

CITY OF FITCHBURG, EDWARD GALLANT,
Chief of Police, LINDA SWEARS, MICHAEL
SEVIGNY, JEFFREY HOWE, KERRY SIOMOS,
JR., MATTHEW DIBARA, ALAN ROSS,
THOMAS DAOUST, TIMOTHY McDERMOTT,
MASSAMONT INS. AGENCY, INC. and/or
METROGARD INS. and/or DIPLOMAX INS.
and/or LEGION INS. COMPANY,

Defendants

ANSWER OF DEFENDANTS
CITY OF FITCHBURG and
CHARLES TASCA, Chief of
Police, TO AMENDED
COMPLAINT

## INTRODUCTION

The "Introduction" section of the Amended Complaint ("Complaint") is a preface to the allegations set forth therein, not requiring a response by the defendants. To the extent a response is required, the allegations set forth therein against the defendants are denied.

## JURISDICTION

The allegations set forth in the "Jurisdiction" section of the Complaint comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require a response, the same are denied.

## PARTIES

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

6. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8. Admitted.

9. The defendants admit the allegations set forth in the first sentence of Paragraph 9. The remaining allegations set forth in said paragraph comprise contentions as to matters of law not requiring a response by the defendants.

10. The defendants admit the allegations set forth in the first sentence of Paragraph 10. The defendants deny the existence of a basis for suit against defendant Swears in her individual capacity.

11. The defendants admit the allegations set forth in the first sentence of Paragraph 11. The defendants deny the existence of a basis for suit against defendant Sevigny in his individual capacity.

12. The defendants admit the allegations set forth in the first sentence of Paragraph 12. The defendants deny the existence of a basis for suit against defendant Howe in his individual capacity.

13. The defendants admit the allegations set forth in the first sentence of Paragraph 13. The defendants deny the existence of a basis for suit against defendant Siomos in his individual capacity.

14. The defendants admit the allegations set forth in the first sentence of Paragraph 14. The defendants deny the existence of a basis for suit against defendant DiBara in his individual capacity.

15. The defendants admit the allegations set forth in the first sentence of Paragraph 15. The defendants deny the existence of a basis for suit against defendant Ross in his individual capacity.

16. The defendants admit the allegations set forth in the first sentence of Paragraph 16. The defendants deny the existence of a basis for suit against defendant Daoust in his individual capacity.

17. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

## FACTS

18. Admitted. Further answering, the defendants state that the gun described in Paragraph 19 was reasonably believed to have been previously used in an assault upon a third party.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20. Admitted only that the involved officers arrived in the vicinity of 20 Simonds Street in marked police cars.

21. Denied.

22. Admitted that defendant Sevigny engaged in the discussion described in Paragraph 22 with an unidentified individual who was located in a second-floor window.

23. Admitted that the individual described in Paragraph 23 made the comments set forth in Paragraph 23.

24. Admitted.

25. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25.

26. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27. Admitted that the officers identified in Paragraph 27 met an unidentified female in the door area.

28. The defendants admit that an unidentified female told them to come in. The remaining allegations set forth in the first two sentences of Paragraph 28 are denied.

29. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 29. Admitted that an unidentified female made the statement set forth in the second sentence of said paragraph.

30. Denied

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied that Alexander Gonzalez was thrown on the floor. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42.

43. The defendants deny the allegations set forth in the last sentence of Paragraph 43. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in said paragraph.

44. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44.

45. Defendants admit that oleoresin capsicum was deployed upon Adrian Gonzalez and that he was handcuffed. The remaining allegations set forth in Paragraph 45 are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51.

52. Denied.

53. Denied.

54. Denied.

55. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55.

56. Denied.

57. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57.

58. The defendants admit only that they called an ambulance for Aida Gonzalez.

59. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59.

60. Denied.

61. Admitted only that oleoresin capsicum was deployed upon Anthony Gonzalez and that he was handcuffed. The remaining allegations set forth in Paragraph 61 are denied.

62. Denied.

63. Denied.

64. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64.

65. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65.

66. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. The defendants are without knowledge or information concerning the identity of the female identified in the second sentence of Paragraph 71. The remaining allegations set forth in said paragraph are admitted.

72. Admitted as to the first sentence. Denied as to the second sentence.

73. The defendants admit the allegations set forth in the last sentence of Paragraph 73. The remaining allegations set forth in said paragraph are denied.

74. Denied.

75. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75.

76. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76.

77. The allegations set forth in the first and third sentences of Paragraph 77 are admitted. The allegations in the second sentence are admitted only to the extent that Steven Gonzalez presented himself at the police station. The allegations set forth in the last sentence of said paragraph are denied.

78. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78.

### COUNT ONE
(Violation of 42 U.S.C. § 1983 Against Defendant Officers
Sevigny, Howe, Siomos, DiBara, Ross, Daoust and Swears)

79-83.   The allegations set forth in Count One do not pertain to defendants Fitchburg and Tasca.

### COUNT TWO
(Supervisory Liability Against Sgt. Swears,
Chief Tasca and the City of Fitchburg)

84.   The defendants restate and incorporate by reference their responses to Paragraphs 1-83.

85.   Admitted.

86.   Denied.

87.   Denied.

88.   Denied.

### COUNT THREE
(Wrongful Arrest Against Defendant Officers Sevigny,
Howe, Siomos, DiBara, Ross, Daoust and Swears)

89-90.   The allegations set forth in Count Three do not pertain to defendants Tasca or Fitchburg.

### COUNT FOUR
(False Imprisonment Against Defendant Officers Sevigny,
Howe, Siomos, DiBara, Ross, Daoust and Swears)

91-92.   The allegations set forth in Count Four do not pertain to defendants Fitchburg or Tasca.

### COUNT FIVE
(Assault and Battery Against Defendant Officers Sevigny,
Howe, Siomos, DiBara, Ross, Daoust and Swears)

93-94.   The allegations set forth in Count Five do not pertain to defendants Tasca or Fitchburg.

### COUNT SIX
(Malicious Prosecution Against Defendant Officers Sevigny,
Howe, Siomos, DiBara, Ross, Daoust and Swears)

95-99. The allegations set forth in Count Six do not pertain to defendants Tasca or Fitchburg.

### COUNT SEVEN
(Intentional Infliction of Emotional Distress Against Defendant Officers
Sevigny, Howe, Siomos, DiBara, Ross, Daoust and Swears)

100-103. The allegations set forth in Count Seven do not pertain to defendants Tasca or Fitchburg.

### COUNT EIGHT
(Abuse of Process Against Defendant Officers Sevigny,
Howe, Siomos, DiBara, Ross, Daoust and Swears)

104-105. The allegations set forth in Count Eight do not pertain to defendants Tasca or Fitchburg.

### COUNT NINE
(Vicarious Liability Against Defendant Charles Tasca)

The allegations set forth in Count Nine do not pertain to defendant Fitchburg. Defendant Tasca responds to the allegations set forth in said Count as follows:

106. The defendant restates and incorporates by reference his responses to Paragraphs 1-105.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## COUNT TEN
(Municipal Liability Against the
City of Fitchburg Pursuant to 42 U.S.C. § 1093)

The allegations set forth in Count Ten do not pertain to defendant Tasca. Defendant City of Fitchburg responds to the allegations set forth in said Count as follows:

113.   The defendant restates and incorporates by reference its responses to Paragraphs 1-112.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

## COUNT ELEVEN
(Negligence Against the Defendant City of Fitchburg,
Defendant Chief Charles Tasca and Defendant Officers
Sevigny, Howe, Siomos, DiBara, Ross Daoust and Sears)

118.   The defendants restate and incorporate by reference their responses to Paragraphs 1-117.

119.   The allegations set forth in Paragraph 119 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are admitted.

120.   The allegations set forth in Paragraph 120 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are admitted.

121.   Denied.

122.   The allegations set forth in Paragraph 122 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are admitted.

123.   Denied.

124.   Denied.

COUNT TWELVE
(Violation of M.G.L. c. 93A by Defendant Massamont Ins. Agency, Inc.
and/or Metrogard Ins. and/or Diplomax Ins. and/or Legion Ins. Company)

125-128. The allegations set forth in Count Twelve do not pertain to the defendants.

DEFENSES

FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

SECOND DEFENSE

Plaintiffs' claims are barred by failure to comply with the applicable statute of limitations.

THIRD DEFENSE

Plaintiffs have failed to allege conduct comprising threats, intimidation and coercion, and cannot therefore recover under the Massachusetts Civil Rights Act.

FOURTH DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted because they have failed to allege that the defendants deprived them of any constitutional right.

FIFTH DEFENSE

The claims arising out of the subject matter of the occurrences alleged are barred as the defendants were carrying out law enforcement functions in good faith.

SIXTH DEFENSE

Defendants deny all of plaintiff's allegations of wrongful conduct and state that they were at all relevant times a public employer and public employee acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

## SEVENTH DEFENSE

The actions and conduct of the individual defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and he enjoys qualified immunity from suit and liability.

## EIGHTH DEFENSE

The actions and conduct of the individual defendant did not violate any clearly established constitutional or statutory rights of which he reasonably should have been aware, and he is therefore entitled to qualified immunity.

## NINTH DEFENSE

The alleged acts or omissions of the defendants were not the cause, proximate or otherwise, of the alleged injury or damage.

## TENTH DEFENSE

Count Eleven should be dismissed against defendant City of Fitchburg for failure to present the claim and to give notice in accordance with G.L. c. 258, § 4.

## ELEVENTH DEFENSE

Count Eleven should be dismissed because the City is immune from liability for any claim based upon the performance or failure to perform a discretionary function, or upon an intentional tort.

## TWELFTH DEFENSE

Count Eleven should be dismissed because it consists of claims for which the City is protected from liability under the "public duty doctrine" and G.L. c. 258, §10.

## THIRTEENTH DEFENSE

Defendant Tasca is immune from liability pursuant to G.L.c. 258, §2.

## FOURTEENTH DEFENSE

The plaintiffs are precluded from any recovery as the negligence of the plaintiffs was greater than the alleged combined negligence of the defendants and the plaintiffs cannot recover pursuant to G.L. c. 231, §85.

## FIFTEENTH DEFENSE

If the defendants were negligent, which is denied, and the negligence of the defendants exceeded the negligence of the plaintiffs, which is denied, then the damages assessable against the defendants should be reduced by the percentage of negligence attributable to plaintiffs.

## SIXTEENTH DEFENSE

The defendants deny the existence of an actionable municipal custom and policy.

## SEVENTEENTH DEFENSE

The defendants deny deliberate indifference in the supervision of the individual defendants.

## EIGHTEENTH DEFENSE

The defendants deny that their actions were extreme, outrageous or intolerable in a civilized society.

## NINETEENTH DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the defendants to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## JURY CLAIM

The defendants respectfully demands a trial by jury.

DEFENDANTS CITY OF FITCHBURG
AND CHARLES TASCA,

By their attorney,

_____
Joseph L. Tehan, Jr. (BBO # 494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

215393/METG/0539

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 5/17/04.

_____

14