UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-40018-FDS

| | |
|---|---|
| AIDA GONZALEZ, ANTONIO GONZALEZ, MILBIA VAZQUEZ, ANTHONY GONZALEZ, ALEXIS GONZALEZ, ALEXANDER GONZALEZ and ADRIAN GONZALEZ<br>Plaintiffs<br><br>v.<br><br>CITY OF FITCHBURG, CHARLES TASCA, CHIEF OF POLICE, LINDA SWEARS, MICHAEL SEVIGNY, JEFFREY HOWE, KERRY SIOMOS, JR., MATTHEW DIBARA, ALAN ROSS, THOMAS DAOUST, MASSAMONT INS. AGENCY, INC. and/or METROGARD INS. and/or DIPLOMAX INS. and/or LEGION INS. COMPANY<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT LEGION INSURANCE COMPANY TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

PARTIES

The defendant answers the plaintiff's amended complaint, paragraph by paragraph, as follows:

1.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's amended complaint.

2.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the plaintiff's amended complaint.

3.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the plaintiff's amended complaint.

4.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the plaintiff's amended complaint.

5.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the plaintiff's amended complaint.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the plaintiff's amended complaint.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the plaintiff's amended complaint.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the plaintiff's amended complaint.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the plaintiff's amended complaint.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the plaintiff's amended complaint.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the plaintiff's amended complaint.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the plaintiff's amended complaint.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the plaintiff's amended complaint.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's amended complaint.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the plaintiff's amended complaint.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the plaintiff's amended complaint.

17. The defendant, Legions Insurance Company, admits the allegations with respect to it. No response is required of the defendant as to the allegations pertaining to the other defendants.

## FACTS

18.– 78. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18 – 78 of the plaintiff's amended complaint.

## COUNT ONE

79. The defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 78 and incorporates them by reference as if fully set forth herein.

80.– 83. No response is required to the allegations contained in paragraphs 80–83 as they do not pertain to this defendant.

## COUNT TWO

84. The defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 84 and incorporates them by reference as if fully set forth herein.

85.– 88. No response is required to the allegations contained in paragraphs 85–88 as they do not pertain to this defendant.

## COUNT THREE

89. The defendant repeats and reasserts the allegations contained in paragraphs 1 through 89 and incorporates them by reference as if fully set forth herein.

90. No response is required to the allegations contained in paragraph 90 as they do not pertain to this defendant.

## COUNT FOUR

91. The defendant repeats and reasserts the allegations contained in paragraphs 1 through 91 and incorporates them by reference as if fully set forth herein.

92. No response is required to the allegations contained in paragraph 92 as they do not pertain to this defendant.

## COUNT FIVE

93. The defendant repeats and reasserts the allegations contained in paragraphs 1 through 93 and incorporates them by reference as if fully set forth herein.

94. No response is required to the allegations contained in paragraph 94 as they do not pertain to this defendant.

## COUNT SIX

95. The defendant repeats and reasserts the allegations contained in paragraphs 1 through 95 and incorporates them by reference as if fully set forth herein.

96.–99. No response is required to the allegations contained in paragraphs 96-99 as they do not pertain to this defendant.

## COUNT SEVEN

100. The defendant repeats and reasserts the allegations contained in paragraphs 1 through 100 and incorporates them by reference as if fully set forth herein.

101-103. No response is required to the allegations contained in paragraphs 101-103 as they do not pertain to this defendant.

## COUNT EIGHT

104. The defendant repeats and reasserts the allegations contained in paragraphs 1 through 104 and incorporates them by reference as if fully set forth herein.

105. No response is required to the allegations contained in paragraph 105 as they do not pertain to this defendant.

## COUNT NINE

106. The defendant repeats and reasserts the allegations contained in paragraphs 1 through 106 and incorporates them by reference as if fully set forth herein.

107-112. No response is required to the allegations contained in paragraph 107-112 as they do not pertain to this defendant.

## COUNT TEN

113. The defendant repeats and reasserts the allegations contained in paragraphs 1 through 113 and incorporates them by reference as if fully set forth herein.

114-117. No response is required to the allegations contained in paragraph 114-117 as they do not pertain to this defendant.

## COUNT ELEVEN

118. The defendant repeats and reasserts the allegations contained in paragraphs 1 through 118 and incorporates them by reference as if fully set forth herein.

119-124. No response is required to the allegations contained in paragraph 119-124 as they do not pertain to this defendant.

## COUNT TWELVE

125. The defendant repeats and reasserts the allegations contained in paragraphs 1 through 125 and incorporates them by reference as if fully set forth herein.

126. The defendant denies the allegations that pertain to it.

127. The defendant denies the allegations that pertain to it.

128. The defendant denies the allegations that pertain to it.

**FIRST DEFENSE**

By way of affirmative defense, this action is barred against Legion Insurance Company since Legion was placed in rehabilitation on March 28, 2002 and declared insolvent on July 28, 2003 which precluded it from settling any claim with the plaintiffs.

## SECOND DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's remedy is with the Massachusetts Insurers Insolvency Fund pursuant to Massachusetts General Laws Chapter 175D.

## THIRD DEFENSE

By way of affirmative defense, plaintiff's claim must be dismissed since it was filed on February 6, 2004 at a time when no litigation was to be filed against Legion Insurance Company pursuant to the Order of the Massachusetts Supreme Judicial Court, dated August 28, 2003.

## FOURTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff is not entitled to any recovery under Massachusetts General Laws Chapter 93A for the reason that the transactions and actions set out in the plaintiff's complaint are permitted under laws as administered by regulatory board or office acting under statutory authority of the Commonwealth of Massachusetts.

## FIFTH DEFENSE

By way of affirmative defense, the defendant stays that the plaintiff has failed to comply with the conditions precedent to the bringing of this action, as required by Massachusetts General Laws Chapter 93A, Section 9(3).

### SIXTH DEFENSE

By way of affirmative defense, the defendant states that the Complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiff is not entitled to recovery under Massachusetts General Laws Chapter 93A.

### SEVENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff is not entitled to any recovery under Massachusetts General Laws 93A for the reason that at least twenty percent of the gross revenue of the defendant is derived from transactions in interstate commerce.

### EIGHTH DEFENSE

By way of affirmative defense, the defendant says that its actions were otherwise permitted under the General Laws of this Commonwealth as administered by the Commissioner of Insurance and that, therefore, the plaintiff cannot recover in this action.

### NINTH DEFENSE

By way of affirmative defense, the defendant says that the complaint fails to state a claim or to allege with substantial sufficient facts against the defendants upon which relief can be granted under M.G.L. c. 93A.

### TENTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiffs have failed to mail or deliver, at least thirty (30) days prior to the filing of this action, a written demand for relief, identifying the claimants or reasonably, and with sufficient information, describing the unfair or deceptive act or practice relied upon and the injuries suffered as required by c. 93A, § 9, and, therefore, the plaintiffs are barred from recovery under the complaint.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendants say that any transaction entered into between the defendants and the plaintiffs were an exempt transaction pursuant to M.G.L. c. 93A, § 3.

## TWELFTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiffs are not entitled to recover because of their failure to mitigate damages.

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendants say that the action is barred by the applicable statutes of limitations.

## JURY CLAIM

THE DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES PROPERLY TRIED BY A JURY.

The Defendant
Legion Insurance Company

By Its Attorneys
Morrison, Mahoney & Miller, LLP

_____
Carole Sakowski Lynch, BBO#547718
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA 01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 7/21/04

267303v1

7