## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ──────────────────────────── | ) | |
| **AIDA GONZALEZ, ANTONIO** | ) | |
| **GONZALEZ, MILBIA VAZQUEZ,** | ) | |
| **ANTHONY GONZALEZ, ALEXIS** | ) | |
| **GONZALEZ, ALEXANDER GONZALEZ,** | ) | |
| **and ADRIAN GONZALEZ,** | ) | |
|  | ) | |
| **Plaintiffs,** | ) | |
|  | ) | **Civil Action No.** |
| **v.** | ) | **04-40018-FDS** |
|  | ) | |
| **CITY OF FITCHBURG, CHARLES** | ) | |
| **TASCA, CHIEF OF POLICE, LINDA** | ) | |
| **SWEARS, MICHAEL SEVIGNY,** | ) | |
| **JEFFREY HOWE, KERRY SIOMOS, JR.,** | ) | |
| **MATTHEW DIBARA, ALAN ROSS,** | ) | |
| **THOMAS DAOUST, MASSAMONT INS.** | ) | |
| **AGENCY, INC. and/or METROGUARD** | ) | |
| **INS. and/or DIPLOMAX INS. and/or** | ) | |
| **LEGION INS. COMPANY,** | ) | |
|  | ) | |
| **Defendants.** | ) | |
| ──────────────────────────── | ) | |

### MEMORANDUM AND ORDER ON DEFENDANT LEGION INSURANCE COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A STAY OF PROCEEDINGS

This matter is before the Court on defendant Legion Insurance Company's motion to

dismiss or, in the alternative, for a stay of proceedings.  Specifically, Legion asks the Court to

enforce an injunction issued by the Commonwealth Court of Pennsylvania that prohibits lawsuits

against Legion as part of a liquidation order regarding the company.  Plaintiffs have not filed an

opposition to this motion.  For the reasons stated below, the motion to dismiss is DENIED, and

the motion for a stay of proceedings is GRANTED.

**Background**

On February 6, 2004, plaintiffs filed their complaint, which was subsequently amended on June 29, 2004. The complaint alleges police misconduct against the City of Fitchburg and several members of the Fitchburg Police Department. Plaintiffs also brought claims against Legion Insurance Company for violations of Massachusetts General Laws Chapter 93A and Chapter 176D, alleging that Legion failed adequately to investigate and settle plaintiffs' claims against the city and its employees, who are insured by Legion.

Legion was already insolvent, and in liquidation proceedings, when plaintiffs filed their complaint. On July 25, 2003, in *Koken v. Legion Insurance Co.*, No. 183 M.D. 2002, the Commonwealth Court of Pennsylvania issued an Order of Liquidation, effective July 28, 2003. The Order of Liquidation contains the following potentially relevant provisions:

> ¶ 7. The Liquidator is vested with title to all property, assets, contracts and rights of actions ("assets") of Legion of whatever nature and wherever located, held as of the date of filing of the Petition for Liquidation. All assets of Legion are hereby found to be *in custodia legis* of this Court and this Court asserts jurisdiction as follows: (a) *in rem* jurisdiction over all assets of Legion wherever they may be located and regardless of whether they are held in the name of Legion or in any other name; (b) exclusive jurisdiction over all determinations as to whether assets belong to Legion or to another party; (c) exclusive jurisdiction over all determination [sic] of the validity and amount of claims against Legion; and (d) exclusive jurisdiction over the determination of the priority of all claims against Legion.

> ¶ 16. All claims against the estate of Legion, together with proof thereof, shall be filed on or before June 30, 2005. No person shall participate in any distribution of the assets of Legion unless his, her or its claim has been filed with the Liquidator in accordance with the time limit established by the Liquidation, subject to the provisions for the late filing of claims pursuant to Section 537 of Article V, 40 P.S. §221.37.

¶ 17.  No judgment or order against Legion or its insureds entered after the date of filing of the Petition for Liquidation, and no judgment or order against Legion entered at any time by default or collusion, will be considered as evidence of liability or quantum of damages by the Liquidator in evaluating a claim against the estate of Legion.

¶ 23.  Unless the Liquidator consents thereto in writing, no action at law or in equity, including, but not limited to, an arbitration or mediation, the filing of any judgment, attachment, garnishment, lien or levy of execution process against Legion or its assets, shall be brought against Legion or the Liquidator, whether in this Commonwealth or elsewhere, nor shall any such existing action be maintained or further prosecuted after the effective date of this Order.  All above-enumerated actions currently pending against Legion in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed; relief sought in these actions shall be pursued by filing a proof of claim against the estate of Legion pursuant to Section 538 of Article V, P.S. §221.38.

¶ 24.  Unless otherwise agreed to by the Liquidator or by the relevant guaranty association, all actions in which Legion is or may be obligated to defend a party in any court of law are stayed to the extent provided by applicable law, subject to further order of the Court.  The Liquidator may cooperate, upon request of a guaranty association, in seeking a stay of any action.  Failure to honor the stay may result in sanctions, including the subordination of a claim to all other claims in the same class.

On August 28, 2003, in *In re: Legion Insurance Co. & Villanova Insurance Co.*, No. SJ-2003-0391, the Supreme Judicial Court for Suffolk County also issued an order regarding Legion's insolvency.  The SJC's order imposed an immediate six-month stay of "all proceedings in the Commonwealth of Massachusetts in which Legion Insurance Company . . . is obligated to defend an insured or is a party" to allow the Massachusetts Insurers Insolvency Fund to defend such proceedings.  The order expired on February 28, 2004.  According to Legion, the Fund has

3

assumed defense of all claims pending against Legion's insureds, but it does not appear that the Fund has assumed defense of plaintiffs' direct claims against Legion.

Plaintiffs filed their complaint on February 6, 2004, after the Order of Liquidation injunction and during the pendency of the SJC's stay order. On April 22, 2004, Legion filed a motion to dismiss or, in the alternative, for a stay of proceedings. As grounds for its motion, Legion invokes the Order of Liquidation (specifically, paragraph 23) and the SJC's stay order. Neither the plaintiffs nor Legion's insureds have opposed Legion's motion.

The primary issue presented is whether this court must or should honor the anti-suit injunction issued by the Pennsylvania state court. Legion characterizes this as a full-faith-and-credit problem: "As a matter of full faith and credit to the Commonwealth of Pennsylvania and its courts, Legion respectfully requests that this Court dismiss the proceedings or, in the alternative, stay the proceedings against Legion." Legion Insurance Company's Motion to Dismiss or, in the Alternative, Motion for a Stay of Proceedings at 2. As explained below, full faith and credit does not require this Court to honor the Pennsylvania court's injunction, but comity considerations strongly favor such a result.

## Legal Analysis

### A.    Full Faith and Credit

The Full Faith and Credit Clause of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Congress extended the full-faith-and-credit command to the federal courts in 28 U.S.C. § 1738: "[The] Acts, records and judicial proceedings [of a State, Territory, or Possession] . . . shall have the same full faith and credit in

every court within the United States and its Territories and Possessions as they have by law or

usage in the courts of such State, Territory or Possession from which they are taken."

Whether the Pennsylvania anti-suit injunction is entitled to full faith and credit in federal

court in Massachusetts depends upon the adjudicatory authority of the Pennsylvania court.

"[B]efore a court is bound by the judgment rendered in another State, it may inquire into the

jurisdictional basis of the foreign court's decree.  If that court did not have jurisdiction over the

subject matter or the relevant parties, full faith and credit need not be given."  *Underwriters Nat'l*

*Assur. Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 705

(1982) (citing *Nevada v. Hall*, 440 U.S. 410, 421 (1979)).  In 1998, in *Baker v. General Motors*

*Corp.*, the Supreme Court ruled that the courts of Missouri were not required to give full faith

and credit to an injunction issued by a Michigan court that prohibited a former General Motors

employee from testifying about certain subjects in any litigation.  522 U.S. 222, 238-39 (1998).[1]

The court held that "a Michigan decree cannot command obedience elsewhere on a matter the

Michigan court lacks authority to resolve."  *Id.,* 522 U.S. at 241.

Here, there is no indication that the Pennsylvania court had the authority to enjoin these

proceedings.[2]  Plaintiffs are not citizens of Pennsylvania.  The acts complained of took place in

Massachusetts.  As in *Baker*, these plaintiffs were not parties to the Pennsylvania proceedings.

*See id.*, 522 U.S. at 238.  As a result, full faith and credit does not compel this Court to enforce

---

[1] In *Baker*, the Supreme Court observed that it had not yet ruled on the issue of whether full faith and credit was due to a state-court injunction barring a party from maintaining litigation in another state.  522 U.S. at 236 n.9.  Nevertheless, the Court here is guided by the general rule of *Baker* that a state court cannot enjoin a matter it lacks authority to resolve.  *See id.* at 238-39.

[2] Of course, a state court cannot enjoin a party from proceeding in a federal court.  *Baker*, 522 U.S. at 236 n.9 (citing *Donovan v. Dallas*, 377 U.S. 408 (1964)).

the Pennsylvania injunction.  *See id.*; *see also International Church of the Foursquare Gospel v. City of Fitchburg*, 17 Mass. L. Rptr. 30 (Mass. Super. 2003) (refusing to give full faith and credit to stay order issued by Pennsylvania court in rehabilitation proceedings involving Legion).[3]

**B.      Comity**

Even if full faith and credit does not require this Court to enforce the Pennsylvania anti-suit injunction, principles of comity nevertheless persuade the Court to honor it. Massachusetts has adopted a version of the Uniform Insurers Liquidation Act ("UILA").  *See* Mass. Gen. Laws ch. 175, §§ 180A-180L.  Among the purposes of the UILA are to provide a uniform method of preserving, making, and processing claims against an insolvent insurer and to secure equal treatment for all parties affected by an insurance insolvency.  *American Star Ins. Co. v. Grice*, 865 P.2d 507, 510 (Wash. 1994).  To accomplish those ends, the UILA centralizes the resolution of claims in the insolvent insurer's domiciliary state.  *See* Mass. Gen. Laws ch. 175, § 180I.  Massachusetts policy thus generally encourages abstention in favor of foreign insurance insolvency proceedings.

Although Pennsylvania has not adopted the UILA, its insurance-insolvency provisions are substantially similar to the UILA.  *See Twin City Bank v. Mutual Fire Marine & Inland Ins. Co.*, 646 F. Supp. 1139, 1141 (S.D.N.Y. 1986) (Pennsylvania qualifies as reciprocal state under New York's version of UILA); *Venetsanos v. Zucker, Facher & Zucker*, 638 A.2d 1333, 1338 (N.J. Super. 1994) (Pennsylvania entitled to reciprocal status under New Jersey's version of the UILA).

---

[3] That the Pennsylvania court asserted *in rem* jurisdiction over Legion's assets, *see* Order of Liquidation ¶ 7 *supra*, does not affect this result.  This action *in personam* does not disturb the *in rem* jurisdiction of the Pennsylvania court.  *See Morris v. Jones*, 329 U.S. 545, 549 (1947).

It is thus likely that Pennsylvania courts would abstain in favor of Massachusetts foreign insurance insolvency proceedings.

Furthermore, this action includes claims brought directly against Legion, not simply claims against its insureds. If anything, the argument for honoring the injunction is more compelling in the case of a direct suit against the company. *See International Church*, 17 Mass. L. Rptr. 30 (declining to recognize Pennsylvania court's stay order as a matter of comity in litigation against Legion's insureds, noting that "the case for enforcing a Pennsylvania court's stay of Massachusetts is a good deal less compelling than it might be in a direct action against the insured"). Plaintiffs may bring their claims against Legion in the Pennsylvania court that has control of its assets. Indeed, if plaintiffs fail to do so, the Order of Liquidation indicates that they could lose their rights as creditors. *See* Order of Liquidation ¶¶ 16, 17, *supra*. The principles behind the UILA strongly suggest that the Court should honor the Pennsylvania injunction as a matter of comity. Honoring the Pennsylvania injunction will further the goals of uniform claims resolution and equal treatment of creditors. Plaintiffs, having not opposed Legion's motion, do not argue that they will be prejudiced in any way by the Court's recognizing the injunction. Accordingly, the Court will honor the Pennsylvania court's injunction.

### C.     Dismissal or Stay

Legion's motion asks the Court to dismiss the action or, in the alternative, to stay proceedings. The Court has determined that the proper course here is to stay the proceedings. Although it is unlikely, there is at least some possibility that the claims will not be resolved in Pennsylvania and may return to this Court. As such, a stay, not dismissal, is appropriate. *Cf. Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995) (noting, in the abstention context, that

"where the basis for declining to proceed is the pendency of a state proceeding, a stay will often

be the preferable course, because it assures that the federal action can proceed without risk of a

time bar if the state case, for any reason, fails to resolve the matter in controversy").

### Conclusion

For the reasons stated above, Legion's motion to dismiss is hereby DENIED, and

Legion's motion for a stay of proceedings is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: November 2, 2004