**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
AIDA GONZALEZ, ANTONIO              )
GONZALEZ, MILBIA VASQUEZ,           )
ANTHONY GONZALEZ, ALEXIS            )
GONZALEZ, ALEXANDER                 )
GONZALEZ, and ADRIAN                )
GONZALEZ                            )
    Plaintiffs,                     )
                                    )
                                    )
                                    )
vs.                                 )   CIVIL ACTION
                                    )   NO.  04-40018-FDS
                                    )
                                    )
CITY OF FITCHBURG, CHARLES          )
TASCA, Chief of Police,             )
LINDA SWEARS, MICHAEL SEVIGNY,)
JEFFREY HOWE, KERRY SIOMOS,         )
JR., MATTHEW DIBARA, ALAN           )
ROSS, THOMAS DAOUST,                )
MASSMONT INSURANCE and/or           )
METROGARD INSURANCE and/or          )
LEGION INSURANCE COMPANY            )
    Defendants.                     )
                                    )
_____)

**ORDER**
**August 30, 2005**

**SWARTWOOD, C.M.J.**


Nature of the Proceeding

This Order addresses the following non-dispositive motions which have been referred to me for disposition by Order of Reference dated July 7, 2005:

1. Defendants City of Fitchburg and Charles Tasca's Motion to Enlarge Time for Filing Motion to Compel (Docket No. 38); and,

2. Defendants City of Fitchburg and Charles Tasca's Motion to Compel Appearance at Deposition (Docket No. 39).

## Background

This is a civil rights case filed by members of the Gonzalez family against the City of Fitchburg, its Chief of Police and several of its police officers. The plaintiffs were residents of Fitchburg, Massachusetts and were allegedly confronted, beaten and arrested in and around their family home by officers of the Fitchburg Police Department. Plaintiffs are seeking damages from the individual officers for violation of their civil rights, wrongful arrest, false imprisonment, assault and battery, malicious prosecution, intentional infliction of emotional distress and abuse of process. They also seek damages from the City of Fitchburg and its Chief of Police for failure to properly train, supervise and discipline its officers, and the City's insurance company for unfair and deceptive acts and practices in the settlement of insurance claims.[1]

Defense counsel was notified in October 2004 that Anthony Gonzalez and Alexis Gonzalez were serving in the United States Army in Iraq and that their return date was uncertain. On March 11, 2005, defense counsel served deposition notices for all seven

---

[1] The plaintiffs also seek damages under the Massachusetts Civil Rights Act and for various Massachusetts common law causes of action.

-2-

plaintiffs in this action. At that time, Anthony Gonzalez and Alexis Gonzalez had returned from Iraq. At the time that the deposition notices were filed, Aida Gonzalez lived in Puerto Rico and has since moved to California. Plaintiffs' counsel and defendants' counsel conferred on four separate occasion in May 2005 concerning the location and availability of the plaintiffs for their depositions.

The depositions were scheduled for May 24, 2005 through May 27, 2005. On May 26 and May 27, 2005, the depositions of Milbia Vasquez, Alexis Gonzalez, Alexander Gonzalez and Adrian Gonzalez were conducted. At that time, Aida Gonzalez, Antonio Gonzalez and Anthony Gonzalez resided out of state and did not appear for their depositions.[2] As of June 3, 2005 the Gonzalez family, except for Aida Gonzalez, moved to Florida. Plaintiffs counsel has informed defendants' counsel that Aida Gonzalez, Antonio Gonzalez and Anthony Gonzalez will not attend their depositions in Massachusetts.

## Discussion

I. <u>Defendants City of Fitchburg and Charles Tasca's Motion to Enlarge Time For Filing Motion to Compel</u>

Defendants filed a motion to enlarge the time for filing a motion to compel discovery to allow defendants to file a motion to

---

[2] It is unclear whether defendants' counsel knew of the availability of several of the plaintiffs at the time the depositions were noticed on March 11. Such a determination is not required, however, for the purposes of resolving this motion. See infra.

compel Aida Gonzalez, Antonio Gonzalez and Anthony Gonzalez to appear at their depositions.  The Court's Scheduling Order provides that all motions to compel discovery shall be filed by the close of fact discovery on May 31, 2005.  Defendants were not aware that three of the plaintiffs were unavailable for their deposition in Massachusetts until May 26, 2005, which was five days prior to the close of fact discovery.  I find that Defendants' request to extend the deadline for filing the motion to compel is reasonable, and for that reason, will allow that motion.

II. Defendants City of Fitchburg and Charles Tasca's Motion to Compel Appearance at Deposition

Defendants have filed a motion compel the appearance of Aida Gonzalez, Antonio Gonzalez and Anthony Gonzalez at their depositions in Massachusetts, contending that the depositions are necessary for the City to discover the facts supporting each plaintiff's claims and to avoid unfair surprise at trial.  While plaintiffs do not object to their depositions being taken, they object to being compelled to appear for their depositions in Massachusetts and offer to be deposed by telephone, pursuant to Rule 30(b)(7) of the Federal Rules of Civil Procedure.  Plaintiffs claim that to require them to appear in Massachusetts would be an undue hardship as they would be forced to travel more than 100 miles, would incur travel expenses and be forced to take time off from work.

Under the general rule, when a plaintiff selects a forum for

filing his complaint, he may be called upon to present himself at that place for the taking of his deposition. deDalmady v. Price Waterhouse & Co., 62 F.R.D. 157, 158 (D.P.R., 1973), citing 8 Wright & Miller, Federal Practice & Procedure, Section 2112, Page 405 (1970 ed.). The Court may find, however, that special circumstances, such as hardship or severe financial burden, may outweigh any prejudice to a defendant and require that the general rule yield to exigencies of a particular case. Id. In order for the Court to use its discretion, plaintiffs must provide the Court with "well prepared and complete affidavits" on their part, to corroborate the assertions made by plaintiffs' counsel in their opposition to the motion. Id. Finally, whatever hardship might result to plaintiff must be weighed against the need of the defendants in this action to depose the plaintiffs in order to adequately prepare for trial. Slade v. Transatlantic Financing Corp., 21 F.R.D. 146, 147 (S.D.N.Y. 1957).

Plaintiffs have failed to assert, with any specificity, the extent to which they would be faced with a hardship if they were compelled to return to Massachusetts for their deposition. Furthermore, the fact that plaintiffs chose this forum to file their complaint carries considerable weight. As the record stands and absent compelling circumstances, I am unpersuaded that the plaintiffs would suffer a hardship if required to appear in Massachusetts for their deposition. Accordingly, the motion to

compel is allowed.

## Conclusion

It is Ordered that:

1. Defendants City of Fitchburg and Charles Tasca's Motion to Enlarge Time for Filing Motion to Compel (Docket No. 38) is <u>allowed</u>; and,

2. Defendants City of Fitchburg and Charles Tasca's Motion to Compel Appearance at Deposition (Docket No. 39) is <u>allowed</u>. On or before October 31, 2005, Aida Gonzalez, Antonio Gonzalez and Anthony Gonzalez shall make themselves available for their depositions in Massachusetts, at a time convenient to the parties.

```
                                    /s/Charles B. Swartwood, III
                                    CHARLES B. SWARTWOOD, III
                                    CHIEF MAGISTRATE JUDGE
```