UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A. NO. 04-40018-FDS

AIDA GONZALEZ, et al.

    Plaintiffs

v.

CITY OF FITCHBURG, et al.

    Defendants

### PLAINTIFFS' OPPOSITION TO MUNICIPAL DEFENDANTS' MOTION, JOINED BY OTHER DEFENDANTS, TO DISMISS PURSUANT TO FED.R.37(b)(2)(C) AND MOTION TO EXTEND THE PERIOD OF TIME TO COMPLETE DISCOVERY.

Now come the Plaintiffs' in the above-captioned action and moves that this Honorable Court deny the Defendants Motion to Dismiss the Claims of Aida Gonzalez, Antonio Gonzalez and Anthony Gonzalez for failure to appear for deposition in Massachusetts and to extend the time for completion of discovery. As reasons therefor, the Plaintiffs' state as follows:

1. This case alleges serious Civil Rights violations perpetrated by the defendants in this matter against these plaintiffs, including but not limited to allegations with regard to the 3 plaintiffs named in this motion that police officers kicked, beat and denied medical treatment to them. Dismissing the case against them would not be in the interests of Justice.

2. The named plaintiffs in this motion fully intend to comply with this Honorable Court's order to appear in Massachusetts for deposition by the defendants'. Such intention has been conveyed to defense counsel.

3. Plaintiff's Milbia Vazquez, Alexis Gonzalez, Alexander Gonzalez and Adrian Gonzalez, who reside in Florida with plaintiffs Antonio Gonzalez and Anthony Gonzales have already appeared and been deposed by defendant's attorneys. Therefore, contrary to the assertions made by defense counsel (see paragraph 10 of Motion), there is every reason to believe, that these plaintiffs, who are family members of those plaintiffs who have already been deposed, will appear for deposition.

4. The Gonzalez family moved to Florida from Fitchburg, MA in June 2005. Defense counsel moved that same month to compel their depositions in Massachusetts. Plaintiffs, through counsel, opposed the motion to compel. In September the plaintiffs were made aware that this Honorable Court had allowed the Motion to Compel, extending the time for the taking of depositions to December 31, 2005. There has not been time to facilitate the depositions.

5. Antonio Gonzalez, since moving to Florida was forced to return to Puerto Rico to deal with the affairs of an elderly and infirm relative.

6. Anthony Gonzalez moved his young family to Florida after returning from Iraq, completed his military service and has only recently returned to the private sector and found a job.

7. Aida Gonzalez is in California living with a son. She continues to suffer from heart problems and has been told by her doctor not to travel at this time. When her doctor gives her permission to travel again, she may not travel alone. This information was only recently given to plaintiffs counsel, however defense counsel was made aware of this situation prior to filing its motion.

8. Neither Antonio Gonzalez nor Aida Gonzalez speak English, which makes it more difficult for plaintiffs counsel to coordinate their movements and respond to requests for interrogatories and other discovery requests.

9. Plaintiffs Anthony and Antonio Gonzalez, who are now both located in Florida, were attempting to get airline tickets to appear for the depositions scheduled for December 15, 2005. They were either unable to find tickets, or were unable to find tickets that they could afford, as one might expect during the holiday season.

10. Plaintiff's counsel was made aware that Antonio Gonzalez and Anthony Gonzalez were unable to get tickets on December 8, 2005 and immediately notified defense counsel, proposing late January depositions. Antonio Gonzalez and Anthony Gonzalez had been trying to get said tickets since late October when counsel had agreed on the mid December date.

11. Defense counsel would not agree to reschedule and filed its Motion to Dismiss, suggesting that Fed.R.Civ.P. 37(b)(2)(C) somehow compels dismissal in these circumstances and that "The City is manifestly prejudiced" by plaintiff's failure to appear for deposition on December 15, 2005. We disagree.

12. Fed.R.Civ.P 37(b)(2)(C) offers such a harsh sanction when plaintiffs fail to obey the Court's order. Antonio Gonzalez and Anthony Gonzalez, have made clear by acts and deeds that they fully intend to obey the courts order and to do so as soon as possible. The complications related to moving their families to Florida, establishing a life there, seeking and finding employment and finding flights and/or affordable flights and accommodations at this time of year is not an

indication of unwillingness to cooperate or participate in this process. They simply need more time to comply.

13. Aida Gonzalez is under the care of a doctor for a heart condition and has been told by him not to travel. We have offered to provide supporting documentation to this effect if requested by the defendants or this Court.

14. A tremendous injustice would be done to these three plaintiffs if their cases were dismissed as a result of not being able to appear during the holiday season for depositions that can easily be accomplished without prejudice to any party early in 2006.

15. The plaintiffs are not refusing to answer requests by the city or any of the other defendants for written discovery, and in fact intends to fully comply.

16. Plaintiffs state that there was originally a dispute over the number of written requests each party should be allowed to propound. When such matter was resolved, and the City did respond to the plaintiff's requests, they provided few of the answers or documents requested. Such failure may be the basis of a Motion to Compel Further Answers and Production of Documents if the parities are unable to narrow or resolve those issues.

17. So far counsel for the officers has not responded at all to the plaintiff's requests for written discovery.

18. Plaintiff's counsel needs time to conduct depositions of defendant police officers.

19. This is a large and important case involving seven plaintiffs, the City, its Chief of Police and six police officers, and implicates core protections afforded citizens

under the Constitution of The United States. Time should be afforded to prosecute the claims under this complaint effectively.

For all the reasons set forth above the Plaintiffs' Aida, Antonio and Anthony Gonzalez respectfully request that this Honorable Court deny the Defendants Motion to Dismiss against them and extend the time for completion of discovery as set forth in the attached Motion to Extend Scheduling Order Deadlines.

THE PLAINTIFFS'
By Their Attorney,

_____ 12/21/05
Edwin J. Attella
27B Sterling Street
PO Box 255
West Boylston, MA 01583
BBO# 636527
Phone (508) 835-5881

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon the attorney of record for the defendants by forwarding same by pre-paid first class mail this date to:

Austin M. Joyce, Esq.
EDWARD P. REARDON, PC
397 Grove Street
Worcester, MA 01605

Joseph L. Tehan, Esq.
KOPELMAN & PAIGE
31 St. James Avenue
Boston, MA 02116-4102

_____  12/21/05
Edwin J. Attella          Date